**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**PHILIP G. BAGLEY,**

  **Plaintiff,**

**vs.**          **Case No. 4:09cv507-SPM/WCS**

**FREDERICK P. DUNPHY, et al.,**

  **Defendants.**

_____/


**REPORT AND RECOMMENDATION**

  Plaintiff has filed an amended complaint, doc. 18, asserting claims against three

Florida parole commissioners, another parole commission employee, and two

employees from the Department of Corrections.  Doc. 18.  Plaintiff contends in count I

that his due process rights were violated in March of 2005 due to the Commission's

listing on his parole document that he had a history of alcohol abuse and then using that

history to impose a special condition of parole to be the complete abstinence of

alcoholic beverages.  Doc. 18, p. 4.  Plaintiff contends he signed the terms of parole

under "duress" and was released from prison on March 29, 2005.  As this case was

initiated more than four years later, on December 21, 2009, this claim is time barred.

A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations.  Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).  In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188, *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988).  Plaintiff's claims concerning the terms of his parole release in March of 2005 are barred by the statute of limitations and must be dismissed.

Count II alleges that Defendants violated Plaintiff's due process rights when his parole was revoked on December 20, 2006, based on a finding that Plaintiff violated a condition of release in that he used alcoholic beverages on or about August 15, 2006. Plaintiff contends his privacy rights were violated in making that finding because Defendants Bongiorno and Horan went to the hospital where Plaintiff was being treated and obtained his medical records and private information. *Id.*, at 6-8.  Plaintiff alleges hearsay testimony was used that Plaintiff made "admissions" and an alcohol test was performed showing Plaintiff's level was ".04." *Id.*, at 6-7.  Plaintiff claims his due process rights were also violated because Defendants have refused to provide Plaintiff with "a transcript of the preliminary hearing proceeding held October 12, 2006, which was recorded." *Id.*, at 9.

In count III, Plaintiff alleges due process violations because the Commission refused to appoint counsel to assist Plaintiff at the parole hearing on October 12, 2006. *Id.*, at 9.  Plaintiff denied that he violated the conditions of parole, but also "claimed

substantial reasons may have existed that may have justified the violation and the reasons were complex and to[o] difficult to develop." *Id.*, at 9-10. Plaintiff claims the testimony presented against him was "unsubstantiated" and he was not provided "basic fairness." *Id.*, at 10. Plaintiff seeks "a new hearing and revocation proceeding," *Id.*, at 11, but simultaneously claims he is not implying the invalidity of his conviction or sentence. *Id.*

Plaintiff's final claims in count IV are that Defendants have violated his due process rights in "extending Plaintiff's parole eligibility," *Id.*, at 11. Plaintiff challenges the fact that in the June 17, 2009, parole hearing, the Defendants refused to authorize Plaintiff's presumptive parole release date to become his "effective parole release date" and extended Plaintiff's date by 18 months. *Id.*, at 12-13. Plaintiff states Defendants have used wrong and invalid procedures and made arbitrary determinations concerning his parole. *Id.*, at 13.

Plaintiff has been advised several times that a civil rights action may not attempt to indirectly challenge one's conviction or period of incarceration. Docs. 12, 16. In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994), the Court held that a claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983. Heck, 114 S. Ct. at 2372. This civil rights case cannot undermine Plaintiff's current period of incarceration, and despite Plaintiff's assertions to the contrary, that is the substance of this case.

Plaintiff is attempting to invalidate the revocation of parole in counts II and III based on alleged due process violations. The relief he seeks, indeed, supports the

conclusion that Plaintiff is attempting to invalidate the result of the revocation. It is true, that granting Plaintiff a new hearing would *not necessarily result in his speedier release because the result of a new hearing cannot be known*, but Plaintiff's argument misses the mark. A new hearing cannot be ordered unless the prior hearing is invalidated. A civil rights action may not be used to afford that relief as it is a collateral attack upon the revocation of Plaintiff's freedom and a return to prison. That is habeas relief that must be pursued through a habeas petition and not through a civil rights action.[1]

Plaintiff's claim concerning a violation of his privacy rights also fails. Persons released on parole do so by an agreement of supervision by state authorities, and that supervision severely diminishes a parolee's privacy expectation. Samson v. California, 547 U.S. 843, 847-852, 126 S.Ct. 2193, 165 L.Ed.2d 250 (2006) (internal quotations omitted). For one released on parole with a condition imposed to refrain from alcohol, Plaintiff cannot raise a legitimate expectation of privacy as to testing for alcohol in his system under § 1983. This claim must fail.

Furthermore, Plaintiff's claim concerning the extension of his time in prison by the refusal to make his presumptive parole release date and effective parole date is also a habeas claim. Relief is not possible in this civil rights action. Additionally, claims challenging the parole commission's decision as to who is entitled to parole and who should be denied parole, lacks merit. Florida's parole system leaves the decision of whether or not to grant parole "to the discretion of the [Parole] Commission . . . ." Jonas v. Wainwright, 779 F.2d 1576, 1577 (11th Cir.), *cert. denied*, 479 U.S. 830 (1986), *citing*

---

[1] This is not a case where Plaintiff seeks to establish procedures for future parole consideration.

Moore v. Florida Parole & Probation Comm'n, 289 So. 2d 719 (Fla. 1974). "There is no constitutional right to parole in Florida." Jonas, 779 F.2d at 1577, *citing* Hunter v. Florida Parole & Probation Comm'n, 674 So. 2d 847, 848 (11th Cir. 1982).[2] In Hunter v. Florida Parole & Probation Commission, the Court rejected a claim that the Commission improperly calculated a presumptive parole release date and, thus, violated due process, holding that because there was no liberty interested in parole, there was no due process violation. Hunter, 674 F.2d at 848.

Plaintiff's claims must be brought in habeas as a civil rights case may not be used to invalidate Plaintiff's parole revocation. This case should be dismissed for failure to state a claim.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 18, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on June 30, 2010.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] "It is the intent of the Legislature that the decision to parole an inmate from the incarceration portion of the inmate's sentence is an act of grace of the state and shall not be considered a right." FLA. STAT. § 947.002(5).

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.